UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24393-Civ-SEITZ

RALPH CURRY,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent,
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Patrick A. White's Report RE Dismissal of § 2255 Motion as Time-Barred ("the Report") [DE 18], wherein Judge White recommends Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [DE 1] be dismissed as time-barred. Having carefully considered, *de novo,* the Report, Petitioner's objections [DE 22], and the record both of this case and Criminal Case No. 05-20399, Judge White's factual findings are not clearly erroneous, and his legal conclusions are consistent with the proper application of the law. Accordingly, the Report is affirmed and its recommendations that the Petition be denied as time-barred and that a certificate of appealability be denied are adopted.

    (I)    **BACKGROUND**

A jury found Petitioner Ralph Curry guilty of various drug and weapons charges on 11/09/05. The Court sentenced Curry to 322 months of imprisonment, followed by nine years of supervised release. Judgment was entered on 11/10/05. [Cr: DE 56].

Curry, through counsel, timely filed his Notice of Appeal on 11/16/05. [Cr: DE 57]. Curry's appellate counsel later moved for the appeal to be dismissed with prejudice, stating she

1

had received a letter from Curry requesting that she withdraw his appeal. [DE 17-1, p. 1]. She then spoke with him on the telephone, and he reiterated he did not want to pursue the appeal. [*Id*, p. 2]. The Eleventh Circuit granted the motion to dismiss on 3/27/06. [Cr: DE 71]. Curry contends, without further explanation, that he did not learn of the dismissal until August, 2010. [DE 6, p. 5].[1]

On 10/12/12, approximately six years after the dismissal and two years after Curry claims to have learned about it, Curry filed a "Motion for Resentencing Instanter" in his criminal case. [Cr: DE 75]. This motion was construed as a motion to vacate under 28 U.S.C. § 2255 and docketed as the initial pleading in this case on 10/15/12. [DE 1]. Curry concedes that his § 2255 motion was filed outside of the one year AEDPA-mandated filing period but seeks equitable tolling on grounds that he did not learn of his appeal's dismissal until August, 2010. [DE 6, p.5]. The Court ordered the government to respond to Curry's motion by 2/21/13. [DE 15]. Curry claims not to have received the government's response and states that as a result, he did not file a reply to the government's opposition of his § 2255 petition. [DE 22, p. 2].

(II)   ANALYSIS

Judge White correctly concludes that Curry's petition should be denied as time-barred. Under 28 U.S.C § 2255(f), a petition is subject to a one year statute of limitation. As is relevant here, the limitations period runs from the latest of "[t]he date on which the judgment became final . . ." or "[t]he date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." *Id.*

---

[1] Curry claims, "Appellate Counsel did not inform the Petitioner [sic] the appeal dismissal until August 2010 and did not send notification of appellant mandate." [DE 6, p. 5]. The motion to withdraw contained a certificate indicating counsel sent Curry a copy.

2

Judge White correctly notes that the clock began running on Curry's § 2255(f)(1) filing period on 6/26/06. As such, his §2255 petition, filed on 10/12/12, is untimely. Even assuming that Curry could not have discovered his appeal had been dismissed before August, 2010, to be timely his § 2255 petition had to be filed by 8/31/11.[2] Curry did not file his petition until 10/12/12, over one year out of time.[3]

Curry's sole objection to the Report is that he was denied the right to reply to the government's response to his § 2255 petition because he never received it. The objection is unavailing. The Report essentially adopted all of the government's timeliness arguments as correct. Curry could have addressed these arguments in his objections to the Report and provided reasons why his petition was in fact timely, but opted not to. As such, Curry has not suffered prejudice and his objections must be overruled. *See e.g. Solorio-Reyez v. United States.* No.1:10-CV-4625-WBH, 2011 WL 3703824 at *3 (N.D. Ga. Aug. 23, 2011) (finding no prejudice where movant did not receive government opposition because movant had opportunity to file objection to Report and Recommendation).

### (III) CERTIFICATE OF APPEALABILITY

The Court denies the issuance of a certificate of appealability. In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if Petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

---

[2] There is no record evidence to support that Curry acted with diligence as required under 28 U.S.C. 2255(f)(4). To the contrary, the record supports that Curry was on notice of the impending dismissal of his appeal from at least February 2006. [DE 17-1, p.1].

[3] In an abundance of caution, the Report credits Curry with an additional 90 days from August, 2010, when he claims he first heard the Eleventh Circuit dismissed his appeal. [DE 18, p. 6]. However, there is no authority cited to support the proposition that Curry should be credited with an additional 90 days, nor can the Court locate any such authority.

to proceed further." *Jones v. Secretary,* 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, the Court must deny the certificate of appealability as Curry has not met this standard. For the foregoing reasons, it is

ORDERED THAT

(1) Petitioner's objections [DE 22] are OVERRULED.

(2) The Report and Recommendation [DE 18] is AFFIRMED AND ADOPTED.

(3) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 [DE 1] is DENIED.

(4) A Certificate of Appealability is DENIED.

(5) This CASE IS CLOSED.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of June, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Patrick A. White
Counsel of Record
*Pro se* Petitioner