UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20399-CR-SEITZ

UNITED STATES OF AMERICA,

v.

RALPH CURRY,

    Defendant.

_____/

## ORDER DENYING DEFENDANT RALPH CURRY'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

THIS MATTER came before the Court on Defendant's Motion for Early Termination of Supervised Release [DE 118].   The Government filed an opposition to the Motion [DE 119].   Defendant did not file a reply.   After considering the motion, the record, 18 U.S.C. §§ 3583(e)(1) and 3553(a), and Mr. Curry's current employment status, the Court denies Defendant's request to have his supervised release terminated early.   However, given Mr. Curry's positive behavior during his supervised release, the Court will no longer require him to report regularly to his Probation Officer during the remainder of the supervised release term.

In the Motion, Defendant requests that the Court terminate his supervised release early because he has completed a large portion of his supervised release.

The Government opposes the motion. While Mr. Curry's supervising U.S. Probation Officer objects to early termination of supervision, he does not object to it being modified to a non-reporting status because of Mr. Curry's positive conduct to date.

The Court has carefully reviewed and considered Defendant's Motion and the record, including the nature of Defendant's conviction and has applied the factors set forth in 18 U.S.C. 3553(a) in reaching its decision. In determining whether early termination is warranted, among other things, a court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, and to protect the public from further crimes by the defendant. 18 U.S.C. § 3583(e)(1) and 18 U.S.C. § 3553(a)(1), (a)(2)(A) (B) & (C).

Mr. Curry acts as a mentor to youth in his community. He is married and attends church with his wife. He was working in a stable job until he was injured. The Court commends Mr. Curry on his positive, pro-social behavior, and understands that finding employment during the pandemic can be challenging. Nonetheless, the Court must consider the welfare and safety of the community. Defendant's six-year term of supervised release expires on December 21, 2022, thus Defendant still has nearly two more years of supervised release.   In addition, although his health is improving, he has not obtained stable employment yet. Mr. Curry was convicted of drug-related offenses. Thus, because Mr. Curry's loss of employment jeopardizes his financial and overall stability, the Court will not terminate his supervised release at this time.   However, given Mr. Curry's positive behavior during his supervised release, the Court will no longer require him to

report monthly to his Probation Officer during the remainder of the supervised release term. Therefore, it is

ORDERED that

(1) Defendant's Motion for Early Termination of Supervised Release [DE 118] is **DENIED.**

(2) The remainder of Mr. Curry's supervised release term shall be non-reporting.

**DONE AND ORDERED** in Miami, Florida, this 19th day of January 2021.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:     All counsel of record